UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COASTAL TOWING, L.L.C.**<br><br>VERSUS<br><br>**REC MARINE LOGISTICS, LLC AND A & A BOATS, INC.** | C.A. NO.<br><br>SECTION "" – MAGISTRATE #<br><br>JUDGE<br><br>MAGISTRATE |

**COMPLAINT FOR DECLARATORY JUDGMENT**

The Complaint for Declaratory Judgment of Coastal Towing, L.L.C. ("Coastal"), a Louisiana limited liability company doing business within this jurisdiction, respectfully represents that:

1.

Plaintiff, Coastal, is a limited liability company with its domicile and principal place of business in Galliano, Louisiana, and whose two (2) members are citizens of Louisiana and Mississippi, respectively. Coastal is licensed to do and doing business within the State of Louisiana, and within the jurisdiction of this Honorable Court.

2.

Defendant, REC Marine Logistics, LLC ("REC Marine"), is a limited liability company with its domicile and principal place of business in Cut Off, Louisiana, and whose sole member, upon information and belief, is a citizen of Louisiana. REC Marine is licensed to do and doing business within the State of Louisiana, and within the jurisdiction of this Honorable Court.

3.

Defendant, A & A Boats, Inc. ("A & A"), is a corporation with its domicile and principal place of business in Golden Meadow, Louisiana.  A & A is licensed to do and doing business within the State of Louisiana, and within the jurisdiction of this Honorable Court.

4.

This is an action for a declaratory judgment pursuant to 28 U.S.C. §2201 and §2202, brought for the purpose of determining questions of law and fact in an actual controversy between the parties as hereinafter more fully appears.

5.

Venue is proper as the alleged accident took place within this jurisdiction.

6.

This Honorable Court has jurisdiction over this matter pursuant to its admiralty and maritime jurisdiction, 28 U.S.C. §1333, and Coastal herein invokes the special procedures of Rule 9(h) of the Federal Rules of Civil Procedure.

7.

On or about July 18, 2014, Patrick Knox ("Knox"), an employee of Coastal, was working as a mate aboard the M/V TRENT JOSEPH, when he was injured in the course and scope of his employment.

8.

Knox had apparently fallen ill and was to be evacuated from the M/V TRENT JOSEPH to receive medical treatment onshore.

9.

Knox was first lifted via a personnel basket from the M/V TRENT JOSEPH to the L/B MIGHTY CHIEF, where he was to be picked up by a helicopter.

10.

However, it was then decided that Knox was instead to be evacuated aboard the M/V MISS JANE, a vessel owned and/or operated by REC Marine and/or A&A, which required that he be dropped via a personnel basket from the L/B MIGHTY CHIEF to the M/V MISS JANE.

11.

During this transfer to the M/V MISS JANE, Knox was apparently ejected from the personnel basket to the deck of the M/V MISS JANE, suffering injuries to his knee and back.

12.

Knox was subsequently taken onshore to receive medical treatment and, as a result of his injuries, has been receiving maintenance and cure benefits from Coastal as a result of his Jones Act seaman status.

13.

Under General Maritime Law, a Jones Act employer's obligation to pay maintenance and cure is not based on fault but arises as a result of its employer-employee relationship.

14.

However, a Jones Act employer who is required to pay maintenance and cure may recover those payments from a third-party who caused, in whole or in part, the employee's injury. *See*, e.g., *Complaint of Liberty Seafood, Inc.*, 38 F.3d 755, 757 (5th Cir. 1994).

15.

Knox has not yet filed suit, but as a result of its payment of maintenance and cure benefits, Coastal now seeks a declaration from this Court that it is entitled to indemnity and/or contribution from REC Marine and A&A, as owner and operator of the M/V MISS JANE, for the negligence and fault of the REC Marine, A&A, the M/V MISS JANE and its crewmembers in causing and/or contributing to Knox's injuries.

16.

REC Marine, A&A, the M/V MISS JANE and its crewmembers were negligent and at fault in causing and/or contributing to Knox's injuries in:

1) failing to provide a seaworthy vessel;

2) failing to provide adequate crewmembers to assist in the personnel basket transfer;

3) failing to properly assist in the personnel basket transfer;

4) failing to give adequate and proper instructions to the crane operator and/or the personnel aboard the personnel basket; and

5) other acts and/or omissions of negligence, unseaworthiness and fault as may be revealed in discovery or proven at trial.

17.

Coastal desires to conduct discovery with respect to the accident.

18.

Coastal was in no way negligent or at fault for the injuries sustained by Knox and is entitled to full indemnity and/or contribution for the negligence and fault of REC Marine, A&A, the M/V MISS JANE and its crewmembers.  Alternatively, to the extent applicable, Coastal is

entitled to contribution in proportion to the degree of fault of REC Marine, A&A, the M/V MISS JANE and its crewmembers, who are jointly liable for Knox's injuries.

19.

Coastal avers that any issues presented in this action will be best adjudicated by declaratory judgment and that is in the best interest of all parties to have their respective rights and duties with respect to the issue contribution and/or indemnity for maintenance and cure paid decided by this Honorable Court.

**WHEREFORE**, Coastal Towing, L.L.C. prays:

(a)   That this Honorable Court order an expedited hearing on this request for declaratory judgment allowing sufficient time for discovery with respect to the negligence and/or fault of REC Marine, A&A, the M/V MISS JANE and its crewmembers;

(b)   That, after due proceedings had, this Honorable Court enter declaratory judgment in favor of Coastal Towing, L.L.C., declaring that:

(1)   Coastal Towing, L.L.C. was in no way negligent or at fault for the injuries sustained by Patrick Knox;

(2)   REC Marine, A&A, the M/V MISS JANE and its crewmembers were solely negligent and/or at fault for the injuries sustained by Patrick Knox;

(3)   Coastal Towing, L.L.C. is entitled to full indemnity and/or contribution from REC Marine and A&A for all maintenance and

cure benefits paid to Patrick Knox as a result of the injuries he sustained on or about July 18, 2014;

(4) In the alternative and to the extent applicable, Coastal Towing, L.L.C. is entitled to contribution in proportion to the degree of fault of REC Marine and A&A, who are jointly liable for all maintenance and cure benefits paid to Patrick Knox as a result of the injuries he sustained on or about July 18, 2014;

(5) Coastal Towing, L.L.C. is entitled to general, equitable and other relief to which it may be found to be entitled, whether in law, admiralty or equity.

Date: July 28, 2016.

Respectfully submitted:

*/s/ Jefferson R. Tillery*
JEFFERSON R. TILLERY (Bar #17831)
C. BARRETT RICE (Bar #30034)
HANSFORD P. WOGAN (Bar #34825)
Jones Walker LLP
201 St. Charles Avenue, Suite 4700
New Orleans, LA 70170
Telephone: (504) 582-8616
Fax: (504) 582-8015
*Attorneys for Coastal Towing, LLC*