#1203372  0584-20133

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COASTAL TOWING, LLC**<br><br>**VERSUS**<br><br>**REC MARINE LOGISTICS, LLC AND A & A BOATS, INC.** | **CIVIL ACTION**<br><br>**NO. 2:16-cv-13350**<br><br>**JUDGE JAY C. ZAINEY**<br><br>**MAGISTRATE JUDGE MICHAEL B. NORTH** |

### ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT,** through undersigned counsel comes defendant, REC Marine Logistics, LLC ("REC" or "Defendant"), to respond to the allegations of Coastal Towing, LLC's ("Coastal" or "Plaintiff") Complaint for Declaratory Judgment as follows:

### FIRST AFFIRMATIVE DEFENSE

The Declaratory Judgment fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Declaratory Judgment is barred by the applicable period of prescription, or statute of limitations, or laches.

### THIRD AFFIRMATIVE DEFENSE

And now, without waiving any of the foregoing defenses, Defendant responds to the allegations of Plaintiff's Complaint for Declaratory Judgment, categorically, and by paragraph as follows:

1.

Defendant denies the allegations contained in Paragraph 1 for lack of sufficient information to justify a belief therein.

2.

Defendant admits that it is a limited liability company with its principal place of business in Cut Off Louisiana. Defendant further admits that it is licensed to and is doing business in the State of Louisiana. Defendant denies the remaining allegations for lack of sufficient information to justify a belief therein.

3.

Defendant denies the allegations contained in Paragraph 3 for lack of sufficient information to justify a belief therein.

4.

The allegations in Paragraph 4 state a legal conclusion and therefore require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 4.

5.

The allegations in Paragraph 5 state a legal conclusion and therefore require no response. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 5 for lack of sufficient information to form a belief therein.

6.

The allegations in Paragraph 6 state a legal conclusion and therefore require no response. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 6.

7.

Defendant denies the allegations in Paragraph 7 for lack of information sufficient to justify a belief therein.

8.

Defendant denies the allegations in Paragraph 8 for lack of information sufficient to justify a belief therein.

9.

Defendant denies the allegations in Paragraph 9 for lack of information sufficient to justify a belief therein.

10.

Defendant denies the allegations in Paragraph 10 for lack of sufficient information to justify a belief therein.

11.

Defendant denies the allegations in Paragraph 11.

12.

Defendant denies the allegations in Paragraph 12 for lack of sufficient information to justify a belief therein.

13.

The allegations in Paragraph 13 state a legal conclusion and therefore require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 13.

14.

The allegations in Paragraph 14 state a legal conclusion and therefore require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 14.

15.

The allegations in Paragraph 15 state a legal conclusion and therefore require no response. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 15. Defendant expressly denies that it has any liability for the alleged injuries to Mr. Knox and expressly denies that it is liable to Coastal for indemnity and/or contribution.

16.

Defendant denies the allegations in Paragraph 16.

17.

The allegations in Paragraph 17 call for a legal conclusion and therefore require no response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 17.

18.

To the extent the allegations in Paragraph 18 call for a legal conclusion, no response from Defendant is required. To the extent a response is required, Defendant denies the allegations in Paragraph 18. Defendant expressly denies that it has any liability for the alleged injuries to Mr. Knox and expressly denies that it is liable to Coastal for indemnity and/or contribution.

19.

The allegations in Paragraph 19 call for a legal conclusion and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19.

20.

The allegations in the unnumbered paragraph following Paragraph 19 contain a prayer for relief, and, as such, no response is required. To the extent a response is required, Defendant denies the allegations in the prayer for relief.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant denies the allegations of any unnumbered and/or misnumbered paragraphs, any allegations contained in the prayer for relief and any allegations contained in the Complaint for Declaratory Judgment which have not heretofore been addressed.

**FIFTH AFFIRMATIVE DEFENSE**

The alleged accident claimed by Mr. Knox, and any claimed injuries or damages (if any) were the result of the fault and/or neglect of Mr. Knox, the particulars of which will be shown at trial of this matter and which fault and/or neglect are pleaded as a bar and/or in diminution of Plaintiff's recovery herein.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant specifically denies that it or anyone whose actions it is or may be responsible for in any way caused or contributed to the alleged accident claimed by Mr. Knox and any injuries, damages, and/or losses resulting therefrom (if any); on the contrary, such alleged were caused by the fault and/or neglect of Mr. Knox, Bisso Marine, LLC ("Bisso"), Coastal, and/or other persons or parties for whom Defendant cannot be held responsible.

**SEVENTH AFFIRAMTIVE DEFENSE**

Defendant denies that the alleged accident claimed by Mr. Knox, and the claimed injuries and/or damages (if any), were caused or contributed to by any unsafe conditions caused or created by Defendant, or by a failure to provide adequate crew members to assist with the personnel basket transfer or a failure to give instructions to the crane operator for which Defendant is or may be responsible.

**EIGHTH AFFIRMATIVE DEFENSE**

If Mr. Knox sustained any injuries or illness, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of Mr. Knox or others for whom Defendant is in no way responsible. Specifically, Defendant avers that Mr. Knox, Coastal, Bisso, or others for whom Defendant was in no way responsible were negligent or at fault in the following particulars, but not limited to:

1. Failing to provide a seaworthy vessel;
2. Failing to provide adequate crewmembers to assist in the personnel basket transfer;
3. Failing to properly assist in the personnel basket transfer;
4. Failing to properly operate the crane involved in the personnel basket transfer;
5. Failing to give adequate and proper instructions to the crane operator and/or the personnel aboard the personnel basket; and
6. Other acts and/or omissions of negligence, unseaworthiness and fault as may be revealed in discovery or proven at trial.

**NINTH AFFIRAMTIVE DEFENSE**

Defendant avers that Mr. Knox's alleged accident and/or claimed injuries and/or damages (if any) resulting therefrom were not a foreseeable consequence of any act or omission on the part of Defendant or anyone from whom Defendant may be held responsible.

**TENTH AFFIRAMTIVE DEFENSE**

Defendant avers that the Mr. Knox's alleged accident and any claimed injuries and/or damages resulting therefrom (if any), were the result of the usual and normal risks of Mr. Knox's

occupation and/or were inherent in the activities being performed by him at the time of the alleged accident, which risks were assumed by Mr. Knox.

## ELEVENTH AFFIRAMTIVE DEFENSE

Defendant avers that Mr. Knox's claimed injuries and/or damages pre-existed and/or are otherwise unrelated to the alleged accident in this suit.

## TWELFTH AFFIRAMTIVE DEFENSE

Defendant expressly denies that it is liable to Coastal for full indemnity and/or contribution for any and all maintenance and cure benefits paid to Mr. Knox.

## THIRTEENTH AFFIRAMTIVE DEFENSE

Defendant avers that Coastal is not entitled to contribution or indemnification from Defendant for any maintenance and cure paid to Mr. Knox. Further, to the extent that Coastal's liability to pay maintenance and cure to Mr. Knox arises from any illness or injury that occurred prior to any alleged involvement of Defendant, Coastal is solely responsible for paying that maintenance and cure and is not entitled to indemnification or contribution from Defendant.

## FOURTEENTH AFFIRAMTIVE DEFENSE

Defendant avers that the Coastal has failed to mitigate its damages and its recovery is thus herein defeated or reduced.

## FIFTEENTH AFFIRMATIVE DEFENSE

In the event Defendant is found responsible in any way for Mr. Knox's injuries, which is expressly denied, Defendant avers that it is entitled to have Mr. Knox's fault and the fault of any and all other parties and non-parties quantified and allocated and any amounts found owing to Coastal be reduced to the extent of such fault.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant avers that any negligence for which it is allegedly responsible, such negligence is specifically denied, was in no way connected to the injuries and/or illness for which Mr. Knox sought maintenance and cure.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Without waiving the above and foregoing, Defendant avers that if Mr. Knox suffered damage and/or injury, Mr. Knox's damages and/or injuries arose as the result of a pre-existing and/or subsequently developed physical and/or mental condition which were neither caused nor aggravated by any act or omission by Defendant, thus barring or mitigating any recovery by Coastal for any damages herein.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant avers that Coastal's Complaint is not properly the subject of a suit for declaratory judgment.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendant reserves its right to supplement, amend, or modify its affirmative defenses and/or answers to conform to such facts as may be revealed in discovery or otherwise.

**WHEREFORE,** Defendant, REC Marine Logistics, LLC prays that its Answer to Complaint and Affirmative Defenses be deemed good and sufficient and, that after due proceedings are had, there be judgment herein in favor of defendant, REC Marine Logistics, LLC and against plaintiff, Coastal Towing, LLC dismissing its Complaint for Declaratory Judgment, and that defendant, REC Marine Logistics, LLC be granted such other and further relief as equity and the justice of the cause may require and permit.

Respectfully submitted,

*/s/      Salvador J. Pusateri*
SALVADOR J. PUSATERI, T. A. (#21036)
KYLE A. KHOURY (#33216)
ELIZABETH B. MCINTOSH (#36575)
PUSATERI, BARRIOS, GUILLOT & GREENBAUM, LLC
1100 Poydras Street
Energy Centre – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile:  (504) 620-2510
Salvador.Pusateri@pbgglaw.com
Kyle.Khoury@pbgglaw.com
Elizabeth.McIntosh@pbgglaw.com
Attorneys for REC Marine Logistics, LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of September, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

/s/   *Salvador J. Pusateri*