#1220500                                                                                                   0584-20133

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK KNOX**<br>      **PLAINTIFF**<br><br>v.<br><br>**BISSO MARINE, LLC**<br>      **DEFENDANT**<br><br>**COASTAL TOWING, LLC**<br>   **DEFENDANT AND CROSS-PLAINTIFF**<br><br>**REC MARINE LOGISTICS, LLC**<br>**AND A & A BOATS, INC.**<br><br>      **DEFENDANTS AND CROSS-**<br>      **DEFENDANTS** | C.A. NO.  2:16-cv-13350 JCA-MBN<br><br><br><br>JUDGE  ZAINEY<br><br><br><br>MAGISTRATE JUDGE NORTH |

**ANSWER TO INTERVENOR, PATRICK KNOX'S ORIGINAL COMPLAINT AND CROSS CLAIM AGAINST BISSO MARINE, LLC AND COASTAL TOWING, LLC**

**NOW INTO COURT,** through undersigned counsel comes REC Marine Logistics, LLC ("REC"), to respond to the allegations of Intervenor/Plaintiff,[1] Patrick Knox's Original Complaint ("Complaint") as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against REC upon which relief can be granted.

---

[1] This action began as a Complaint for Declaratory Judgment by Coastal Towing seeking contribution and indemnity from REC for the maintenance and cure it paid to its employee Patrick Knox. (Rec. Doc. 1). Knox intervened in this lawsuit (Rec. Doc. 18-20), and filed a Motion to Realign the parties which was granted on January 5, 2017 (Rec. Doc. 23). Therefore, Patrick Knox is now the plaintiff in this lawsuit, Coastal Towing, formerly the plaintiff, is now a defendant and cross claim plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint is barred by the applicable period of prescription, statute of limitations, or laches.

**THIRD AFFIRMATIVE DEFENSE**

And now, without waiving any of the foregoing defenses, REC responds to the allegations of Patrick Knox's Complaint, categorically, and by paragraph as follows:

1.

The allegations in Paragraph 1 state a legal conclusion and therefore require no response. To the extent a response is deemed required, REC denies the allegations in Paragraph 1.

2.

The allegations in Paragraph 2 state a legal conclusion and therefore require no response. To the extent a response is deemed required, REC denies the allegations in Paragraph 2.

3.

The allegations in Paragraph 3 state a legal conclusion and therefore require no response. To the extent a response is deemed required, REC denies the allegations in Paragraph 3.

4.

The allegations in Paragraph 4 state a legal conclusion and therefore require no response. To the extent a response is deemed required, REC denies the allegations in Paragraph 4.

5.

REC denies the allegations contained in Paragraph 5 for lack of information sufficient to justify a belief therein.

6.

REC denies the allegations contained in Paragraph 6 for lack of information sufficient to justify a belief therein.

7.

REC admits that it is a limited liability company with its principal place of business in Cut Off, Louisiana. REC further admits that it is licensed to and is doing business in the State of Louisiana. REC further admits that it has appeared and answered the Complaint for Declaratory Judgment filed by Coastal Towing, LLC in this action. Except as expressly admitted herein, REC denies the allegations contained in Paragraph 7 for lack of information sufficient to form a belief therein.

8.

REC denies the allegations contained in Paragraph 8 for lack of information sufficient to justify a belief therein. Upon information and belief, A&A Boats, Inc. did not appear in this litigation and has been dismissed from this litigation by Coastal Towing, LLC.

9.

REC denies the allegations contained in Paragraph 9 for lack of information sufficient to justify a belief therein.

10.

REC admits that it owns the vessel the M/V MS JANE, USCG Doc. No. 588935, incorrectly identified by Knox as the M/V Miss Jane. Except as expressly admitted, REC denies the allegations in Paragraph 10 for lack of information sufficient to justify a belief therein. REC expressly denies that it acted negligently and/or in any way caused Knox's alleged injury.

11.

REC denies the allegations in Paragraph 11 for lack of information sufficient to justify a belief therein.

12.

REC denies the allegations in Paragraph 12 for lack of sufficient information to justify a belief therein. REC expressly denies that it acted negligently and/or in any way caused Knox's alleged injuries.

13.

The allegations in Paragraph 13 call for a legal conclusion and therefore no response is required. To the extent a response is required, REC denies the allegations in Paragraph 13.

14.

The allegations in Paragraph 14 call for a legal conclusion and therefore no response is required. To the extent a response is required, REC denies the allegations in Paragraph 14.

15.

REC denies the allegations in Paragraph 15 for lack of sufficient information to justify a belief therein. REC expressly denies that it acted negligently and/or in any way caused Knox's alleged injury.

16.

To the extent the allegations in Paragraph 16 call for a legal conclusion, no response is required. To the extent that a response is required, REC denies the allegations in Paragraph 16.

17.

The allegations in the unnumbered paragraph following Paragraph 16 constitute a prayer for relief and therefore require no response. To the extent a response is required, REC denies the allegations in the prayer for relief.

**FOURTH AFFIRMATIVE DEFENSE**

REC denies the allegations of any unnumbered and/or misnumbered paragraphs, any allegations contained in the prayer for relief and any allegations contained in the Complaint which have not heretofore been addressed.

**FIFTH AFFIRMATIVE DEFENSE**

The alleged accident claimed by Knox, and any claimed injuries or damages (if any) were the result of the fault and/or neglect of Knox, the particulars of which will be shown at trial of this matter and which fault and/or neglect are pleaded as a bar and/or in diminution of Knox's recovery herein.

**SIXTH AFFIRMATIVE DEFENSE**

REC specifically denies that it or anyone whose actions it is or may be responsible for in any way caused or contributed to the alleged accident claimed by Knox and any injuries, damages, and/or losses resulting therefrom (if any); on the contrary, such alleged injuries, damages, and/or losses were caused by the fault and/or neglect of Knox, Bisso Marine, LLC ("Bisso"), Coastal Towing, LLC ("Coastal Towing"), and/or other persons or parties for whom REC cannot be held responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

REC denies that the alleged accident claimed by Knox, and the claimed injuries and/or damages (if any), were caused or contributed to by any unsafe conditions caused or created by

REC, or by a failure to provide adequate crew members to assist with the personnel basket transfer or a failure to give instructions to the crane operator.

### EIGHTH AFFIRMATIVE DEFENSE

If Knox sustained any injuries or illness, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of Knox or others for whom REC is in no way responsible. Specifically, REC avers that Knox, Coastal Towing, Bisso, or others for whom REC was in no way responsible were negligent or at fault in the following particulars, but not limited to:

1. Failing to properly train and supervise its employees in conducting personnel basket transfers;

2. Failing to operate in a reasonably safe manner;

3. Negligently supervising the basket transfer;

4. Failing to properly operate and/or maintain the crane involved in the personnel basket transfer;

5. Failing to give adequate and proper instructions to the crane operator and/or the personnel aboard the personnel basket; and

6. Failing to keep the M/V MIGHTY CHIEF in a condition such that a helicopter could land without further need to transport Knox via personnel basket.

### NINTH AFFIRMATIVE DEFENSE

REC avers that Knox's alleged accident and/or claimed injuries and/or damages (if any) resulting therefrom were not a foreseeable consequence of any act or omission on the part of REC or anyone from whom REC may be held responsible.

**TENTH AFFIRMATIVE DEFENSE**

REC avers that Knox's alleged accident and any claimed injuries and/or damages resulting therefrom (if any), were the result of the usual and normal risks of Knox's occupation and/or were inherent in the activities being performed by him at the time of the alleged accident, which risks were assumed by Knox.

**ELEVENTH AFFIRMATIVE DEFENSE**

REC avers that Knox's claimed injuries and/or damages pre-existed and/or are otherwise unrelated to the alleged accident in this suit.

**TWELFTH AFFIRMATIVE DEFENSE**

REC expressly denies that it is liable to Knox for any amount of damages that he may have suffered.

**THIRTEENTH AFFIRMATIVE DEFENSE**

REC avers that Knox has failed to mitigate his damages and his recovery is thus herein defeated or reduced.

**FOURTEENTH AFFIRMATIVE DEFENSE**

In the event REC is found responsible in any way for Knox's injuries, which is expressly denied, REC avers that it is entitled to have the fault of Knox, Bisso, and/or Coastal Towing as well as the fault of any and all other parties and non-parties quantified and allocated and any amounts found owing to Knox be reduced to the extent of such fault.

### FIFTEENTH AFFIRMATIVE DEFENSE

In the event REC is found responsible in any way for Knox's injuries, which is denied, REC is entitled to a set off from any recovery against it to the extent of any and all benefits or monies paid or payable to or on behalf of plaintiff from any sources.

### SIXTEENTH AFFIRMATIVE DEFENSE

REC avers that any negligence for which it is allegedly responsible, such negligence is specifically denied, was in no way connected to the injuries and/or illness for which Knox is seeking recovery herein.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Without waiving the above and foregoing, REC avers that if Knox suffered damage and/or injury, Knox's damages and/or injuries arose as the result of a pre-existing and/or subsequently developed physical and/or mental condition which were neither caused nor aggravated by any act or omission by REC, thus barring or mitigating any recovery by Knox for any damages herein.

### EIGHTEENTH AFFIRMATIVE DEFENSE

REC avers that Knox cannot properly intervene as a party in this lawsuit and, as such, his Complaint is improper.

### NINETEENTH AFFIRMATIVE DEFENSE

REC avers that it is entitled to exonerate or limit its liability under the limitation of Vessel Owner's Liability Act of 1851, 46 U.S.C.A. § 30501, et seq., should REC be liable unto Knox in any regard, which is specifically denied. REC in no way waives its right to pursue limitation as a defense in any subsequent proceeding in any court of competent jurisdiction.

## TWENTIETH AFFIRMATIVE DEFENSE

REC reserves its right to supplement, amend, or modify its affirmative defenses and/or answers to conform to such facts as may be revealed in discovery or otherwise.

## REC MARINE LOGISTICS, LLC'S CROSS CLAIMS AGAINST COASTAL TOWING, LLC AND BISSO MARINE, LLC

**NOW INTO COURT** comes REC Marine Logistics, LLC and files this Cross Claim against Coastal Towing, LLC and Bisso Marine, LLC and would respectfully aver as follows:

## CLAIMS FOR DEFENSE AND INDEMNITY AGAINST BISSO MARINE

18.

Made Cross Claim Defendant herein is Bisso Marine, LLC ("Bisso") which is now, and at all relevant times hereto, a limited liability company organized and existing under the laws of the State of Louisiana, with its principal place of business in New Orleans, Louisiana, and at all relevant times, performing business within the State of Louisiana and within this federal district.

19.

Cross Claim Plaintiff, REC Marine Logistics, LLC ("REC"), is a limited liability company with its principal place of business in Cut Off, Louisiana, and at all relevant times, performing business within the State of Louisiana and within this federal district.

20.

Coastal Towing, LLC ("Coastal Towing")[2] has filed a Complaint for Declaratory Judgment naming REC as a defendant seeking contribution or indemnity for amounts Coastal Towing paid

---

[2] This action began as a Complaint for Declaratory Judgment by Coastal Towing seeking contribution and indemnity from REC for the maintenance and cure it paid to its employee Patrick Knox. (Rec. Doc. 1). Knox intervened in this lawsuit (Rec. Doc. 18-20), and filed a Motion to Realign the parties which was granted on January 5, 2017 (Rec. Doc. 23). Therefore, Patrick Knox is now the plaintiff in this lawsuit, Coastal Towing, formerly the plaintiff, is now a defendant and cross claim plaintiff.

to its employee Patrick Knox in maintenance and cure as a result of Knox's alleged personal injuries purported to have occurred on July 18, 2014, while Knox was being transferred from the M/V TRENT JOSEPH to the L/B MIGHTY CHIEF and then to the M/V MS JANE after allegedly taking ill aboard the M/V TRENT JOSEPH.

21.

Patrick Knox has filed a Motion to Intervene and an "Original Complaint" (Rec. Doc. 18-20) asserting that REC is directly liable to Knox for his alleged injuries because of REC's alleged negligence and the alleged unseaworthiness of the M/V MS JANE for the events described in Paragraph 20.

22.

REC has denied any and all liability to both Knox and Coastal Towing as more fully set forth in its Answer to Coastal Towing's Complaint for Declaratory Judgment (Rec. Doc. 6), and in its Answer to Knox's Complaint in Paragraphs 1-17 herein, the contents of which are incorporated herein by reference thereto as if copied herein *in extenso*.

23.

To the extent that REC may be held responsible to Coastal Towing and/or Knox for any of Knox's alleged injuries and/or for contribution or indemnity for amounts Coastal Towing paid to Knox for maintenance and cure, REC is entitled to defense and indemnity from Bisso pursuant to the Master Time Charter between Bisso and Kilgore Marine Services, LLC ("Kilgore") which was in effect at the time of Knox's alleged injury. Kilgore entered into the Master Time Charter with Bisso as REC's agent.

24.

On May 6, 2014, REC entered into a Brokerage Agreement with Kilgore which authorized Kilgore to enter into charters or similar contracts for REC's vessels on behalf of REC wherein REC would be the principal and actually carry out the contract.

25.

Kilgore entered into a time charter with Bisso under a December 18, 2010 Master Time Charter and on hire agreement under that Master Time Charter (the "Agreement") pursuant to its authority to act as REC's agent. REC was always intended to carry out the Agreement in effect on July 18, 2014. This Agreement obligated REC to provide a vessel and other services to Bisso on or about July 18 or 19, 2014.

26.

Upon information and belief, the Master Time Charter was in effect at the time that Knox was allegedly injured.

27.

REC, as the principal for Kilgore, may enforce the Master Time Charter as if it was a named party to the contract under general agency principles.

28.

The Master Time Charter provides certain indemnity and hold harmless obligations owed by Bisso to the "Owner." The term "Owner" refers to Kilgore, or in this instance, to REC because REC is Kilgore's principal. The indemnity provision in Section 16 reads in pertinent part:

> Charterer [Bisso] agrees to defend, hold harmless and indemnify Owner [REC], its parent and affiliated companies, their officers, directors, agents, employees, members, managers and representatives ("OWNER GROUP") from and against any and all claims for personal injury, death or property damages brought by

[Bisso] . . . and/or those employees, agents, servants or representatives of Other Contractors . . . .

29.

Bisso is obligated to defend and indemnify REC because REC is Kilgore's principal and therefore is the "Owner" under this indemnity provision.

30.

Indemnity is owed in this particular instance because Coastal Towing and Knox's claims arise out of the alleged personal injury of Knox, an employee of Coastal Towing at the time of the alleged incident. Coastal Towing is an "Other Contractor" under the Master Time Charter. Section 16 states that Owner understands that Bisso "will enter into contracts with other oilfield service companies (hereby defined as Other Contractors)."

31.

Coastal Towing is considered an "Other Contractor" because Bisso entered into a Master Subcontractor's Agreement with Dawn Services, LLC ("Dawn Services") for Dawn Services to perform certain activities and Dawn Services in turn subcontracted to Coastal Towing to perform some of its obligations and Knox is an employee of Coastal Towing.

32.

REC has made amicable demand upon Bisso, but Bisso has refused to provide REC with the required defense and indemnity.

33.

REC has incurred costs and expenses, including, but not limited to, attorneys' fees, in defending against Coastal Towing and Knox's claims, and REC is entitled to recover these costs under the Master Time Charter as well as under law.

## CLAIMS AGAINST BISSO MARINE, LLC AND COASTAL TOWING, LLC FOR CONTRIBUTION AND INDEMNITY TO REC FOR KNOX AND COASTAL TOWING, LLC'S CLAIMS

34.

If, as Knox alleges, his injuries were in fact caused by his personnel basket transfers between the TRENT JOSEPH, the MIGHTY CHIEF, and the MS JANE, then to the extent that REC may be found liable to Coastal Towing and Knox, Bisso is liable to REC for full contribution and/or full indemnity. To the extent that REC may be found liable to Knox, Coastal Towing is liable to REC for contribution.

35.

Made Cross Claim Defendant herein is Coastal Towing, LLC ("Coastal Towing") which is now, and at all relevant times hereto, a limited liability company organized and existing under the laws of the State of Louisiana, with its principle place of business in Galliano, Louisiana, and at all relevant times, performing business within the State of Louisiana and within this federal district.

36.

The events described in paragraphs 37 through 41 are pleaded based on a written statement by Knox about his alleged injuries. Nothing in this pleading shall be construed as an admission by REC that the events occurred in the manner described by Knox in his written statement, that Knox suffered any injuries, and/or that REC is in any way liable for any alleged injuries to Knox. However, should the Court find that an accident occurred as alleged by Knox at the trial of this matter, Bisso and Coastal Towing are liable to REC for contribution and/or indemnity for any amount that REC is found liable.

37.

Knox had apparently taken ill while working as a mate aboard the TRENT JOSEPH, a vessel owned by Coastal Towing, on or about July 18, 2014. Knox was informed that he would be transferred to the MIGHTY CHIEF to be transported via helicopter to the hospital for treatment of his illness.

38.

Knox was allegedly transported via personnel basket from the TRENT JOSEPH to the MIGHTY CHIEF, a vessel owned and apparently operated by Bisso. During his transfer from the TRENT JOSEPH via personnel basket, Knox allegedly hit various objects on the deck of the TRENT JOSEPH as a result of the actions of the crane operator onboard the MIGHTY CHIEF. Upon information and belief the crane used to transport Knox to the MIGHTY CHIEF in the personnel basket was owned by Bisso and operated by an employee of Bisso.

39.

According to Knox a helicopter attempted to land on the MIGHTY CHIEF but was unable to land on the vessel because the helipad was rusty and the deck was too cluttered to allow the helicopter to land on deck. As a result, Knox apparently was required to be transferred to the MS JANE so that he could be transported to a nearby platform to board a helicopter to be evacuated.

40.

Upon information and belief, an employee of Bisso operated the crane that transported Knox from the MIGHTY CHIEF to the MS JANE. Upon information and belief, the crane operator was negligent in his operation of the crane causing Knox to be ejected from the personnel basket onto the deck of the MS JANE and then hit by the personnel basket.

41.

Upon information and belief, but for the Bisso crane operator's negligence, Knox would not have been injured.

42.

Bisso is liable for negligence for the actions of its crane operator and the unseaworthiness of its vessel, the MIGHTY CHIEF. Therefore, in the event that REC is found liable to Knox or Coastal Towing, REC is entitled to full contribution and/or full indemnity from Cross Claim Defendant, Bisso.

43.

Coastal Towing is also liable for the unseaworthiness of the TRENT JOSEPH and negligence for its role in the personnel basket transfer, including but not limited to the specific acts or omissions of negligence in the Eighth Affirmative Defense herein. Therefore, in the event that REC is found liable to Knox, REC is entitled to full contribution and/or full indemnity from Cross Claim Defendant, Coastal Towing.

**WHEREFORE,** REC Marine Logistics, LLC prays that:

(1) its Answer to Knox's Original Complaint and its Affirmative Defenses be deemed good and sufficient and, that after due proceedings are had, there be judgment herein in favor of REC Marine Logistics, LLC and against Patrick Knox dismissing his Original Complaint;

(2) its Cross Claims against Bisso Marine, LLC and Coastal Towing, LLC be deemed good and sufficient and, that after due proceedings are had, there be judgment herein in favor of REC Marine Logistics, LLC, and against Bisso Marine, LLC and Coastal Towing, LLC;

(3) that there be judgment herein in REC Marine Logistics, LLC's favor and against Bisso Marine, LLC, ordering Bisso Marine, LLC to defend and indemnify, insure, and hold REC

Marine Logistics, LLC harmless against any and all claims asserted against it by Coastal Towing, LLC and Patrick Knox and to pay all costs and expenses including, but not limited to, reasonable attorneys' fees incurred by REC Marine Logistics, LLC as a result of Bisso Marine, LLC's failure to undertake to defend, indemnify, insure, and hold harmless REC Marine Logistics, LLC pursuant to the applicable contractual and insurance obligations;

(4) should REC Marine Logistics, LLC be found to be liable to Knox for the damages he alleges, that this Honorable Court enter judgment of indemnity and/or contribution against Bisso Marine, LLC and Coastal Towing, LLC and in favor of REC Marine Logistics, LLC;

(5) should REC Marine Logistics, LLC be found liable to Coastal Towing for the damages that it alleges in its Complaint for Declaratory Judgment, that this Honorable Court enter judgment of indemnity and/or contribution against Bisso Marine, LLC and in favor of REC Marine Logistics, LLC;

(6) that REC Marine Logistics, LLC be granted such other and further relief as equity and the justice of the cause may require and permit.

Respectfully submitted,

*/s/     Salvador J. Pusateri*
SALVADOR J. PUSATERI, T. A. (#21036)
KYLE A. KHOURY (#33216)
ELIZABETH B. MCINTOSH (#36575)
PUSATERI, BARRIOS, GUILLOT & GREENBAUM, LLC
1100 Poydras Street
Energy Centre – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile:  (504) 620-2510
Salvador.Pusateri@pbgglaw.com
Kyle.Khoury@pbgglaw.com
Elizabeth.McIntosh@pbgglaw.com
Attorneys for REC Marine Logistics, LLC

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 13th day of January, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/ Salvador J. Pusateri*