## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK KNOX** | **CIVIL ACTION NO. 2:16-CV-13350** |
|     **Plaintiff** | |
| **v.** | **SECTION "A"** |
| **BISSO MARINE, LLC** | **JUDGE JAY C. ZAINEY** |
|     **Defendant** | |
| **COASTAL TOWING, LLC** | **DIVISION "5"** |
|     **Defendant And Cross-Plaintiff** | **MAGISTRATE JUDGE MICHAEL B. NORTH** |
| **REC MARINE LOGISTICS, LLC, A&A BOATS, INC.** | |
|     **Defendants And Cross-Defendants** | |

### BISSO'S ANSWER TO REC MARINE'S CROSS-CLAIM AND BISSO'S CROSS-CLAIM AGAINST REC MARINE FOR BREACH OF CONTRACT

NOW INTO COURT, through undersigned counsel, comes defendant and cross-claim defendant, Bisso Marine, LLC (hereinafter "Bisso"), who, in answer to the Cross-Claim of REC Marine Logistics, LLC ("REC Marine"), respectfully avers as follows:

### FIRST DEFENSE

The Cross-Claim asserted by REC Marine against Bisso fails to state a claim or right of action upon which relief can be granted against Bisso.

## SECOND DEFENSE

REC Marine's Cross-Claim against Bisso is barred by the applicable period of prescription, statute of limitations, or laches.

## THIRD DEFENSE

And now, without waiving any of the foregoing defenses, in response to the specific allegations of REC Marine's Cross-Claim, Bisso avers as follows:

1.

In response to the allegations of Paragraph 18, Bisso admits that it is a Louisiana limited liability company licensed to conduct business in Louisiana.

2.

Bisso denies the allegations of Paragraph 19 for lack of information sufficient to justify a belief as to the truth of the matters asserted.

3.

The allegations of Paragraph 20 do not require a response by Bisso. To the extent that a response is required, Bisso acknowledges that the allegations of Paragraphs 20 are an accurate description of the procedural posture of this case. Otherwise, Bisso denies the allegations of Paragraph 20 for lack of information sufficient to justify a belief as to the truth thereof.

4.

In response to the allegations of Paragraph 21, Bisso admits that Patrick Knox filed a Motion to Intervene and an "Original Complaint" (Rec. Doc. 18-20) asserting that REC Marine is directly liable to Knox for his alleged injuries. Otherwise, Bisso denies the allegations of Paragraph 21 for lack of information sufficient to justify a belief as to the truth thereof.

5.

The allegations of Paragraphs 22 and 23 of REC Marine's Cross-Claim do not require a response by Bisso. However, to the extent a response is required, Bisso denies the allegations of Paragraphs 22 and 23.

6.

Bisso denies the allegations of Paragraph 24 for lack of information sufficient to justify a belief as to the truth of the matters asserted.

7.

In response to the allegations of Paragraph 25, Bisso admits that Kilgore Marine Services, LLC ("Kilgore") entered into a time charter with Bisso under a Master Time Charter agreement on or about December 18, 2010. Bisso denies all remaining allegations contained in Paragraph 25.

8.

Bisso denies the allegations of Paragraph 26 for lack of information sufficient to justify a belief as to the truth of the matters asserted.

9.

Bisso denies the allegations of Paragraph 27.

10.

In response to the allegations of Paragraph 28, Bisso admits that the December 18, 2010 Master Time Charter agreement contains certain indemnity and hold harmless obligations. Bisso denies the remaining allegations of Paragraph 28.

11.

Bisso denies the allegations of Paragraphs 29-32.

12.

Bisso denies the allegations of Paragraph 33 for lack of information sufficient to justify a belief as to the truth of the matters asserted.

13.

Bisso denies the allegations of Paragraph 34.

-5-

14.

The allegations of Paragraphs 35 and 36 do not require a response of Bisso.  However, to the extent a response is required, Bisso denies the allegations of these paragraphs for lack of information sufficient to justify a belief as to the truth of the matters asserted.

15.

Bisso denies the allegations of Paragraphs 37-42.

16.

The allegations of Paragraph 43 do not require a response of Bisso.  However, to the extent a response is required, Bisso denies the allegations of Paragraph 43.

17.

The allegations of REC Marine's Prayer for Relief require no response of Bisso. However, to the extent a response is required, Bisso denies the allegations contained in the Prayer for Relief.

## **FOURTH DEFENSE**

Though Bisso Marine denies that it or any vessel that it owned or operated is liable to the plaintiff or any other party, Bisso claims entitlement to exoneration from or limitation of all liability for all losses, damages, or injuries incurred by any claimant, and for any other losses that might exist but have not been specifically pled.  If Bisso, or any alleged vessel of Bisso, should

be held responsible for any of the damages complained of, then Bisso claims the benefits of the Limitation of Liability Act provisions set forth in 46 U.S.C. § 30501, *et seq*.

## FIFTH DEFENSE

Bisso pleads the terms and conditions of the December 18, 2010 Master Time Charter agreement between Bisso and Kilgore in its entirety, to the extent that the Court holds that the contract applies.

## SIXTH DEFENSE

Bisso pleads the terms and conditions of the May 6, 2014 brokerage contract between REC Marine and Kilgore in its entirety, to the extent that the Court holds that the contract applies.

## SEVENTH DEFENSE

REC Marine has waived its right to assert these claims.

## EIGHTH DEFENSE

Bisso reserves the right to raise all affirmative defenses that may be revealed through discovery in this litigation.

## NINTH DEFENSE

Neither Bisso, nor any of Bisso's vessels, is liable to defend or indemnify REC Marine from Plaintiff's claims. However, in the event Bisso or its vessels were so liable, Bisso would be

entitled to the benefits of REC Marine's insurance coverage before Bisso's obligation to defend or indemnify REC Marine would be triggered.

## BISSO'S CROSS-CLAIM AGAINST REC MARINE FOR BREACH OF CONTRACT

AND NOW, assuming the role of cross-claimant, Bisso asserts the following Cross-Claim against REC Marine pursuant to Federal Rule of Civil Procedure 13(g), and avers as follows:

1.

REC Marine, already a defendant in this lawsuit, is the defendant-in-cross-claim. REC Marine is a limited liability company authorized to do and doing business in the State of Louisiana.

2.

Cross-claimant Bisso is a Louisiana limited liability company licensed to conduct business in Louisiana.

3.

Bisso's Cross-Claim against REC Marine arises out of the same transaction or occurrence as the main demand. This Court has subject-matter jurisdiction over the Cross-Claim pursuant to 28 U.S.C. § 1333 and 28 U.S.C. § 1367. Venue is appropriate under Rule 9(h) of the Federal Rules of Civil Procedure because the parties are subject to the personal jurisdiction of the Court.

4.

Bisso and Kilgore Marine Services, LLC ("Kilgore"), are parties to a Master Time Charter agreement dated on or about December 18, 2010.  Kilgore agreed to provide Bisso with an offshore utility vessel for a project at Eugene Island Block 187 in the Gulf of Mexico. Kilgore provided Bisso with the M/V MS JANE, owned by REC Marine.

5.

REC Marine and Kilgore were parties to a "brokerage agreement" dated May 6, 2014 (the "REC-Kilgore Contract").

6.

The REC-Kilgore Contract contains a broad indemnity clause that obligates REC Marine to "protect, defend, and save harmless" Kilgore and any of Kilgore's charterers from "any and all claims, demands, causes of action and liabilities of any kind or character" … "presented by [REC Marine] or by any … invitee … arising directly or indirectly out of, incident to, and/or in connection with [] the work and/or services to be performed under this agreement."  Bisso was Kilgore's charterer within the meaning of the REC-Kilgore Contract.

7.

Pursuant to the indemnity clause of the REC-Kilgore Contract, REC Marine has waived the contractual indemnity claim and contribution and indemnity claim that it has asserted against Bisso.

8.

Moreover, pursuant to the indemnity clause of the REC-Kilgore Contract, REC Marine must defend and indemnify Bisso for plaintiff Knox's personal injury claim.

9.

Pursuant to the indemnity clause of the REC-Kilgore Contract, REC Marine must insure Bisso against plaintiff Knox's personal injury claim.

10.

Pursuant to the indemnity clause of the REC-Kilgore Contract, REC Marine is contractually obligated to reimburse Bisso "for any court costs, attorney's fees or any other expenses incurred" in bringing this claim to enforce REC's obligations to hold harmless, defend, indemnify, and insure Bisso against plaintiff Knox's personal injury claim.

11.

Bisso has made amicable demand upon REC Marine, but REC has refused to dismiss its indemnity claims against Bisso, and has refused to provide Bisso with defense, indemnity, insurance, and reimbursement. REC Marine's refusal to do so constitutes actions in breach of contract.

12.

Bisso's damages attributable to and caused by REC Marine's breach of contract include all of Bisso's attorneys' fees and costs incurred in defense of this lawsuit, plus any damages, costs, and interest for which Bisso may be held liable to pay unto plaintiff Knox.

WHEREFORE, Bisso Marine, LLC prays that its Answer to REC Marine's Cross-Claim be deemed good and sufficient and that, after due proceedings, there be judgment in its favor and against REC Marine, dismissing REC Marine's Cross-Claim against Bisso with prejudice, at REC Marine's cost, and for all other legal, equitable, or other relief to which Bisso Marine, LLC may be entitled.

Bisso Marine, LLC further prays that judgment be rendered in its favor and against REC Marine Logistics, LLC for defense, indemnity, insurance, reimbursement for enforcement costs, and for all attorneys' fees, costs, pre-judgment and post-judgment interest, and any other damages to which Bisso Marine LLC may be entitled. Bisso Marine LLC further prays for all such other and further relief as law and justice and equity may require.

Respectfully submitted:

R. Keith Jarrett, T.A. (Bar #16984)
Raymond T. Waid (Bar #31351)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
rkjarrett@liskow.com
rwaid@liskow.com

*Attorneys for Bisso Marine, LLC*

-11-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of March, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record.



4577763_1.docx