0584-20133 1292808

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK KNOX**<br><br>        PLAINTIFF,<br><br>v.<br><br>**BISSO MARINE, LLC**<br><br>        DEFENDANT<br><br>**COASTAL TOWING, LLC**<br><br>    DEFENDANT AND CROSS-PLAINTIFF<br><br>**REC MARINE LOGISTICS, LLC**<br>**AND A & A BOATS, INC.**<br><br>        DEFENDANTS AND CROSS-DEFENDANTS | C.A. NO.  2:16-cv-13350 JCZ-MBN<br><br><br>JUDGE  ZAINEY<br><br><br>MAGISTRATE JUDGE NORTH |

### REC MARINE LOGISTICS, LLC'S WITNESS AND EXHIBIT LIST

**NOW INTO COURT,** through undersigned counsel, comes defendant, REC Marine Logistics, L.L.C., who submits its Witness and Exhibit List in accordance with this Court's Scheduling Order.

### WITNESS LIST

1. Patrick Knox;

2. Crew of the MS JANE:

    a. Timothy Smith, Captain of the MS JANE;

    b. Earl Hatten, Deckhand on the MS JANE;

    c. Shawn O'Neal, Mate on the MS JANE;

    d. Mitchell Moody, Deckhand on the MS JANE;

3. Employees of Coastal Towing, LLC onboard the M/V TRENT JOSEPH, the L/B MIGHTY CHIEF, and/or the M/V MS JANE;

    a. Cyrus Solar; Captain on the M/V TRENT JOSEPH;

    b. Anthony Brock

    c. Bramley Bermudez

    d. Tony Vizier

    e. Mike Sanzin;

    f. Ordagne Griffin;

4. Other employees of Coastal Towing, LLC:

    a. Darren Pitre;

    b. Eric Prudhomme;

5. Employees of Dawn Services, LLC with knowledge of the Master Subcontractors' Agreement;

6. People on board the MIGHTY CHIEF on July 18/19, 2014 including, but not limited to:

    a. Shayn Proler, Paramedic for Pharma-Safe Industrial Services;

    b. John Gibson, Operator;

    c. Sidney Howell, Rigger;

    d. Mark Diamond, Sr., Superintendent;

    e. Barry Williams, Operator;

    f. Zachary Carver, Oiler;

    g. Marc Rice, Oiler;

7. Any other employees of any company working with Mr. Knox at the time of the alleged incident;

8. A corporate representative of REC Marine Logistics, LLC;

9. A corporate representative of Bisso Marine Company, Inc.;

10. A corporate representative of Dawn Services, LLC;

11. A corporate representative of Coastal Towing, LLC;

12. A representative of Kilgore Marine Services, Inc.;

13. Dr. Paul J. Pagano;

14. Dr. Jennifer Burns;

15. Dr. Leo Dalton;

16. Dr. Vladimir Alexander;

17. Dr. George T. Abernathy;

18. Dr. Bourgeois, Terrebonne General

19. Physical Therapist from First Option Physical Therapy;

20. Robert Watson, Crane Expert;

21. David Scruton, Marine Expert;

22. A to be determined Vocational Rehabilitation Specialist;

23. A to be determined Economic Expert;

24. Any representatives from Mr. Knox's previous employers;

25. Any witness listed by any other party;

26. Any witness needed for rebuttal or impeachment;

27. Any witness needed to authenticate any document at trial

REC Marine Logistics, LLC reserves the right to amend this Witness List as discovery is ongoing.

## EXHIBIT LIST

1. Incident Report of Bisso Marine Company, Inc. relating to the July 18/19, 2014 incident;

2. CHI helicopter records;

3. Statements of Patrick Knox regarding the Incident of July 19, 2014;

4. Bisso Marine Inc.'s Daily Progress Reports for the MIGHTY CHIEF;

5. Coastal Towing, LLC's logs for the M/V TRENT JOSEPH;

6. REC Marine Logistics, LLC's logs for the MS JANE;

7. Kilgore invoices for the MS JANE in July of 2014;

8. REC invoices for the MS JANE in July of 2014;

9. Charter Agreement for the MS JANE in July of 2014;

10. Meter Tickets and invoices for fuel sold to the MIGHTY CHIEF, July 2014;

11. Martin Energy Services yard ticket for Bisso Marine, July 2014;

12. Cargo Manifests for the MS JANE for July of 2014;

13. Bisso Purchase Orders regarding the MS JANE for July of 2014.

14. Master Time Charter between Dawn Services, LLC and Coastal Towing, LLC dated December 10th, 2014;

15. Master Brokerage Agreement between REC Marine Logistics, LLC and Coastal Towing, LLC dated July 22, 2008;

16. Brokerage Agreement between REC Marine Logistics, LLC and Kilgore Marine Services, LLC dated May 6, 2014;

17. Master Subcontractor's Agreement between Bisso Marine Company, Inc. and Dawn Services, LLC dated January 21, 2004;

18. Master Time Charter Agreement between Kilgore Marine Services, Inc. and Bisso Marine Company, Inc. dated August 18, 2010;

19. Offshore Installation Contract between Bisso Marine, LLC and Fieldwood Energy, LLC dated June 12, 2014;

20. Documents from Fieldwood Energy, LLC in response to a subpoena deces tecum issued by REC Marine Logistics, LLC;

21. Permits, proposals, and as built plans for the pipeline located in EI-187 that MIGHTY CHIEF was constructing in July of 2014;

22. The photos of the Mighty Chief taken at the vessel inspection performed on June 29, 2017;

23. Documents received from Kilgore Marine Services, LLC in response to a subpoena duces tecum issued by Coastal Towing, LLC;

24. The personnel records of John Gibson, Crane Operator for Bisso Marine, LLC;

25. Criminal Records of John Gibson;

26. Declaration of John Gibson, for impeachment purposes only;

4

27. Bisso Marine Daily Crane Inspection checklist for the 3900 Manitowoc crane on the MIGHTY CHIEF;

28. MIGHTY CHIEF maintenance logs;

29. diagram of the MIGHTY CHIEF

30. certification for the Manitowoc crane on the MIGHTY CHIEF;

31. Bisso Marine, LLC HSE Manual;

32. Records of safety meetings and JSA's for the MIGHTY CHIEF;

33. Plaintiff's personnel records with Coastal Towing, LLC, including all pre-employment medical questionnaires and all records of pre-employment physicals;

34. The documents regarding Mr. Knox in possession of JR Hoyle and Associates;

35. Discovery propounded by REC Marine Logistics, LLC to any party and responses to said discovery;

36. Discovery propounded by Coastal Towing, LLC to any party and responses to said discovery;

37. Discovery propounded by Bisso Marine Company, Inc. to any party and responses to said discovery;

38. Discovery propounded by Dawn Services, LLC to any party and responses to said discovery;

39. Any and all discovery propounded by any party along with all responses to said discovery;

40. Medical and/or pharmacy records from the following:

    a. Dr. Paul J. Pagano- All Florida Orthopedics;

    b. Dr. Jennifer Burns – All Florida Orthopedics;

    c. Dr. Leo Dalton;

    d. Dr. Vladimir Alexander;

    e. Dr. George T. Abernathy;

    f. First Option Physical Therapy;

    g. Complete Occupational Health Services;

5

    h.   Venice Regional Medical Center;

    i.   Open MRI of Pinellas, Inc. dba Advanced Medical Imaging;

    j.   West Jefferson Industrial Medicine;

    k.   Professional Health Care of Pinellas;

    l.   Lee Watts, LCSW

    m.   Terrebonne General Medical Center;

    n.   Terrebonne Physical Therapy Clinic;

    o.   SurgCenter Northeast;

    p.   Dr. Stephanie Lirio; and

    q.   Walgreens Pharmacy.

41. The CV and Vocational Rehabilitation Report of a to be determined expert;

42. The CV and expert report of Robert Watson;

43. The CV and expert report of David Scruton;

44. The CV and economic expert report of a to be determined expert;

45. Plaintiff's payroll records with Coastal Towing, LLC;

46. Plaintiff's IRS and Social Security Earnings records;

47. Plaintiff's prior employment records;

48. Logs of payments to Mr. Knox made on behalf of Coastal Towing, LLC;

49. Logs of expenses paid on behalf of Knox by Coastal Towing, LLC;

50. U.S. Coast Guard records for Mr. Knox;

51. Any and all pre-employment physicals for Mr. Knox;

52. DIFS Bureaus of Insurance/WC/OFI Report regarding plaintiff's insurance fraud from the Public Records Unit of the Florida Department of Financial Services Division;

53. Criminal Records from the Sixth Judicial Circuit Court of Florida In and for Pinellas County- Docket No. CRC0407403CFANO-C;

54. Records of Pharma Safe Industrial Services;

55. All pleadings filed in this matter and/or related matters;

56. Plaintiff's Answers to Interrogatories, Responses to Requests for Production, and Request for Admissions;

57. Any document identified through further discovery;

58. Any document listed by any other party;

59. The deposition of any witness who is unavailable for trial; and

60. Any document needed for rebuttal or impeachment.

REC Marine Logistics, LLC reserves the right to amend this Exhibit List as discovery is ongoing.

Respectfully submitted,

*/s/ Salvador J. Pusateri*
Salvador J. Pusateri T.A. (#21036)
Kyle A. Khoury (#33216)
Elizabeth B. McIntosh (#36575)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pbgglaw.com
Kyle.Khoury@pbgglaw.com
Elizabeth.McIntosh@pbgglaw.com
**ATTORNEYS FOR REC MARINE LOGISTICS, LLC**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2nd day of October, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/     Salvador J. Pusateri*