UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICK KNOX | CIVIL ACTION |
| VERSUS | NO. 16-13350 |
| BISSO MARINE, LLC, ET AL. | SECTION A(5) |

## ORDER AND REASONS

The following motions are before the Court: **Motion for Partial Summary Judgment (Rec. Doc. 108)** filed by Coastal Towing, LLC; **Motion in Limine to Exclude John Pierce (Rec. Doc. 107)** filed by REC Marine Logistics, LLC. Both motions are opposed. The motions, submitted to the Court on May 16, 2018, are before the Court on the briefs without oral argument.

### I. BACKGROUND

This action arises out of injuries that Plaintiff Patrick Knox sustained during a personnel basket transfer in July 2014 while working in the Gulf of Mexico. Knox, who was employed by Coastal Towing, LLC, was working as a crewmember on the TRENT JOSEPH when he became seriously ill and needed to be evacuated to shore for treatment. To effect the evacuation, Knox first transferred from the TRENT JOSEPH to the MIGHTY CHIEF, Bisso Marine's vessel, and then from the MIGHTY CHIEF to the MS JANE, REC Marine Logistic's vessel. A crane was used to transfer Knox via personnel basket from the MIGHTY CHIEF to the MS JANE. According to Knox, during the transfer the crane operator slammed the personnel basket onto the deck of the MS JANE causing Knox to be ejected. Knox was then battered with the basket. Knox claims serious injuries to his neck, back, hip, knee and other parts of his body as a result of the incident.

The instant litigation was initiated by Coastal, Knox's employer and owner/operator of the TRENT JOSEPH, who sought a declaratory judgment that REC was responsible for the incident

and must indemnify Coastal for all sums paid to Knox. REC filed a third-party demand against Dawn seeking defense and indemnity under Dawn's contract with Bisso. Knox was granted leave to intervene to assert claims against Bisso, REC, and Coastal.

A bench trial is scheduled for September 17, 2018 (Rec. Doc. 99).

## II. DISCUSSION

### A. Coastal Towing's Motion for Partial Summary Judgment

Coastal was Knox's Jones Act employer. Coastal moves for summary judgment on the issue of liability for Knox's injuries. It is undisputed that Coastal was not directly involved in the basket transfer that injured Knox. In fact, Knox had been successfully transferred from the TRENT JOSEPH to the MIGHTY CHIEF using the same personnel basket from which he was later thrown. Knox sustained no injuries in that transfer. It was during the second transfer from the MIGHTY CHIEF to the MS JANE—again, a transfer that did not involve Coastal—that Knox was injured. Coastal argues that Knox cannot prove that any active negligence by Coastal injured him.

Knox, Bisso, and REC oppose Coastal's motion for partial summary judgment. All three oppositions criticize Coastal for conveniently focusing only on the events that occurred *after* Knox was delivered to the MIGHTY CHIEF. Meanwhile the oppositions suggest that the second basket transfer that injured Knox was particularly risky because of rough seas and high winds. But that transfer could not wait because by the time Knox arrived on the MIGHTY CHIEF his health had deteriorated to the point that he had to be transported via helicopter to a hospital on shore. The opposition points out that Coastal's personnel waited between 13-15 hours after learning of Knox's illness before taking steps to transport him. Thus, according to Knox, Bisso,

and REC, it was omissions by Coastal's employees (attributable in part to lack of proper training) that put other parties in a position to attempt a basket transfer under such inclement conditions.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

The Court is persuaded that Knox, Bisso, and REC have supported their contentions with sufficient evidence to create an issue of fact as to Coastal's liability for its employee's injuries. Coastal's motion for partial summary judgment is denied.

### B. REC's Motion in Limine

REC moves to exclude Knox's liability expert, John Pierce from trial. REC challenges Pierce's qualifications and reliability because he has no training as a crane operator, rigger, or crew boat captain.

Mr. Pierce's CV demonstrates that he has extensive Coast Guard experience and has served as an expert in many cases. Any perceived deficiencies in either his qualifications or opinions will go to the weight of the evidence in this nonjury trial. REC's motion in limine is denied.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 108)** filed by Coastal Towing, LLC is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion in Limine to Exclude John Pierce (Rec. Doc. 107)** filed by REC Marine Logistics, LLC is **DENIED**.

May 21, 2018

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE