**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PATRICK KNOX** | **CIVIL ACTION NO. 16-CV-13350** |
| | **c/w 18-CV-6015** |
| **v.** | |
| **BISSO MARINE, LLC** | **SECTION M** |
| | **JUDGE BARRY W. ASHE** |
| | |
| **COASTAL TOWING, LLC** | **DIVISION 5** |
| **v.** | **MAGISTRATE MICHAEL B. NORTH** |
| **REC MARINE LOGISTICS, LLC et al** | ***Pleading applies to 18-CV-6015*** |

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

### ANSWER TO SECOND AMENDED AND SUPPLEMENTAL COMPLAINT OF BISSO MARINE, LLC BY ATLANTIC SPECIALTY INSURANCE COMPANY

Now into Court, through undersigned counsel, comes Atlantic Specialty Insurance Company (sometimes referred to as "ASIC"), and for Answer to the Second Amended and Supplemental Complaint of Bisso Marine, LLC, to the extent the allegations pertain to this defendant, with respect avers as follows:

### First Defense

The Second Amended and Supplemental Complaint fails to state a claim or right or cause of action against this defendant.

### Second Defense

The claims which are the subject of the Second Amended and Supplemental Complaint are barred by prescription, laches or the applicable statute of limitations.

### Third Defense

Now answering the specific allegations of the Second Amended and Supplemental Complaint, to the extent the allegations pertain to this defendant, ASIC, with respect responds as follows:

**1.**

(a)      On information and belief, the allegations of paragraph 1 (a) are admitted.

(b)      ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 (b).

(c)      ASIC admits it issued Policy Number B5JH9027513, that it is organized under the laws of the State of New York and is admitted to do business in the State of Louisiana and can be served through the Louisiana Secretary of State as set forth in paragraph ( c).

(d)      ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 (d).

(e)      ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 ( e).

(f)      ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 (f).

(g)      ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 (g).

**2.**

The allegations of paragraph 2 state conclusions of law which require no response.

**3.**

The allegations of paragraph 3 state conclusions of law which require no response.

**4.**

On information and belief, the allegations of paragraph 4 are admitted.

**5.**

On information and belief, the allegations of paragraph 5 are admitted.

**6.**

The Master Subcontractor's Agreement (MSA) is a written agreement and is the best evidence of its terms, conditions and contents and is hereby pled _in extenso._

**7.**

The Master Subcontractor's Agreement (MSA) is a written agreement and is the best evidence of its terms, conditions and contents and is hereby pled _in extenso_.

**8.**

The Master Subcontractor's Agreement (MSA) is a written agreement and is the best evidence of its terms, conditions and contents and is hereby pled _in extenso_.

**9.**

The Master Subcontractor's Agreement (MSA) is a written agreement and is the best evidence of its terms, conditions and contents and is hereby pled _in extenso._

**10.**

The insurance policy issued by ASIC is a written agreement and is the best evidence of its terms, conditions and contents and is hereby pled _in extenso._  The remaining allegations of paragraph 10 of the

Second Amended and Supplemental Complaint do not pertain to ASIC or its policy of insurance and ASIC avers that it is without sufficient knowledge or information to form a belief as to those allegations as to other underwriters.

**11.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11.

**12.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 12.

**13.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 13.

**14.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 14.

**15.**

The insurance policy issued by ASIC is a written agreement and is the best evidence of its terms, conditions and contents and is hereby pled _in extenso._  Further, the allegations of paragraph 15 state conclusions of law which require no response.

**16.**

The allegations of paragraph 16 of the Second Amended and Supplemental Complaint do not pertain to ASIC or its policy of insurance and ASIC avers that it is without sufficient knowledge or information to form a belief as to those allegations as to other underwriters.

**17.**

The allegations of paragraph 17 of the Second Amended and Supplemental Complaint do not pertain to ASIC or its policy of insurance and ASIC avers that it is without sufficient knowledge or information to form a belief as to those allegations as to other underwriters.

**18.**

The allegations of paragraph 18 of the Second Amended and Supplemental Complaint do not pertain to ASIC or its policy of insurance and ASIC avers that it is without sufficient knowledge or information to form a belief as to those allegations as to other underwriters.

**19.**

The insurance policy issued by ASIC is a written agreement and is the best evidence of its terms, conditions and contents and is hereby pled in extenso.  Further, the allegations of paragraph 19 state conclusions of law which require no response.

**20.**

The allegations of paragraph 20 of the Second Amended and Supplemental Complaint do not pertain to ASIC or its policy of insurance and ASIC avers that it is without sufficient knowledge or information to form a belief as to those allegations as to other underwriters.

**21.**

The allegations of paragraph 21 of the Second Amended and Supplemental Complaint do not pertain to ASIC or its policy of insurance and ASIC avers that it is without sufficient knowledge or information to form a belief as to those allegations as to other underwriters.

**22.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 22.

**23.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 23.

**24.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 24.

**25.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 25.

**26.**

On information and belief, the allegations of paragraph 26 are admitted.

**27.**

On information and belief, the allegations of paragraph 27 are admitted.

**28.**

The Master Time Charter Agreement (MTCA) is a written agreement and is the best evidence of its terms, conditions and contents and is hereby pled *in extenso.*

**29.**

On information and belief, the allegations of paragraph 29 are admitted.

**30.**

The Master Time Charter Agreement (MTCA) is a written agreement and is the best evidence of its terms, conditions and contents and is hereby pled *in extenso*.

**31.**

The Master Time Charter Agreement (MTCA) is a written agreement and is the best evidence of its terms, conditions and contents and is hereby pled *in extenso*.

**32.**

On information and belief, the allegations of paragraph 32 are admitted.

**33.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 33.

**34.**

The allegations of paragraph 34 of the Second Amended and Supplemental Complaint do not pertain to ASIC or its policy of insurance and ASIC avers that it is without sufficient knowledge or information to form a belief as to those allegations as to other underwriters.

**35.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 35.

**36.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 36.

**37.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 37.

**38.**

The allegations of paragraph 38 of the Second Amended and Supplemental Complaint do not pertain to ASIC or its policy of insurance and ASIC avers that it is without sufficient knowledge or information to form a belief as to those allegations as to other underwriters.

**39.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 39.

**40.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 40.

**41.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 41.

**42.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 42.

**43.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 43.

**44.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 44.

**45.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 45.

**46.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 46.

**47.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 47.

**48.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 48.

**49.**

ASIC avers that the allegations of paragraph 49 of the Second Amended and Supplemental Complaint do not require a response but should the Court so require, ASIC re-asserts and re-avers its answers as set forth above as if copied here *in extenso*.

**50.**

ASIC avers that it is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 50.

**51.**

The Master Subcontractor's Agreement (MSA) is a written agreement and is the best evidence of its terms, conditions and contents and is hereby pled *in extenso*.  The insurance policy issued by ASIC

is a written agreement and is the best evidence of its terms, conditions and contents and is hereby pled _in extenso_.  Further, the allegations of paragraph 51 state conclusions of law which require no response.

**52.**

ASIC avers that the allegations of paragraph 52 of the Second Amended and Supplemental Complaint do not require a response but should the Court so require, ASIC re-asserts and re-avers its answers as set forth above as if copied here _in extenso_.

**53.**

The Master Time Charter Agreement (MTCA) is a written agreement and is the best evidence of its terms, conditions and contents and is hereby pled _in extenso_.  ASIC further avers that the allegations of paragraph 53 state conclusions of law which require no response.

**54.**

The Master Time Charter Agreement (MTCA) is a written agreement and is the best evidence of its terms, conditions and contents and is hereby pled _in extenso_.  ASIC further avers that the allegations of paragraph 54 state conclusions of law which require no response.

**55.**

ASIC avers that the allegations of paragraph 55 of the Second Amended and Supplemental Complaint do not require a response but should the Court so require, ASIC re-asserts and re-avers its answers as set forth above as if copied here _in extenso._

**56.**

Insofar as the allegation in paragraph 56 applies to ASIC, it is denied. To the extent the allegations of paragraph 56 of the Second Amended and Supplemental Complaint do not pertain to ASIC or its policy of insurance, ASIC avers that it is without sufficient knowledge or information to form a belief as to those allegations as to other underwriters.

**57.**

The insurance policy issued by ASIC is a written agreement and is the best evidence of its terms, conditions and contents and is hereby pled _in extenso_. To the extent the allegations of paragraph 56 of the Second Amended and Supplemental Complaint do not pertain to ASIC or its policy of insurance, ASIC avers that it is without sufficient knowledge or information to form a belief as to those allegations as to other underwriters.

**58.**

The allegations of paragraph 58 of the Second Amended and Supplemental Complaint do not pertain to ASIC or its policy of insurance and ASIC avers that it is without sufficient knowledge or information to form a belief as to those allegations as to other underwriters. Further, the allegations of paragraph 58 state conclusions of law which require no response.

**59.**

The insurance policy issued by ASIC is a written agreement and is the best evidence of its terms, conditions and contents and is hereby pled _in extenso._

**60.**

ASIC avers that the allegations of paragraph 60 of the Second Amended and Supplemental Complaint do not require a response but should the Court so require, ASIC re-asserts and re-avers its answers as set forth above as if copied here *in extenso*.

**61.**

The allegations of paragraph 61 state conclusions of law which require no response.

**62.**

The allegations of paragraph 62 state conclusions of law which require no response.

**63.**

The allegations of paragraph 63 state conclusions of law which require no response.

**64.**

The allegations of paragraph 64 state conclusions of law which require no response.

**65.**

The allegations of paragraph 64 state conclusions of law which require no response.  To the extent the allegations of paragraph 64 of the Second Amended and Supplemental Complaint do not pertain to ASIC or its policy of insurance, ASIC avers that it is without sufficient knowledge or information to form a belief as to those allegations as to other underwriters.

**66.**

The allegations of paragraph 66 of the Second Amended and Supplemental Complaint do not pertain to ASIC or its policy of insurance and ASIC avers that it is without sufficient knowledge or information to form a belief as to those allegations as to other underwriters.

**67.**

The allegations of paragraph 67 of the Second Amended and Supplemental Complaint do not pertain to ASIC or its policy of insurance and ASIC avers that it is without sufficient knowledge or information to form a belief as to those allegations as to other underwriters.

**68.**

The allegations of paragraph 68 state conclusions of law which require no response.  To the extent the allegations of paragraph 68 of the Second Amended and Supplemental Complaint do not pertain to ASIC or its policy of insurance, ASIC avers that it is without sufficient knowledge or information to form a belief as to those allegations as to other underwriters.

**Fourth Defense**

The coverage and liability under ASIC policy is denied and derives from the written policy which is the best evidence of its terms, conditions and contents and is hereby pled _in extenso._  Further, and to the extent applicable herein, the terms and conditions of the written agreements of the MSA and the MTCA are the best evidence of their terms, conditions and contents and are hereby pled _in extenso_.

**Fifth Defense**

On information and belief, Dawn Services entered into a Master Subcontactors Agreement (MSA) with Bisso Marine Company. Dawn Services was not able to provide its own vessel pursuant to

that agreement.  In turn, Dawn Services then contracted with Coastal Towing and had it supply its

towing vessel, the TRENT JOSEPH, on which Patrick Knox was a crewmember.  This provision of the

TRENT JOSEPH and her crew including Patrick Knox by Coastal Towing to Bisso was pursuant to the

Master Time Charter Agreement (MTCA) between Dawn Services and Coastal Towing.

The terms and conditions of the MTCA required under "ARTICLE 6-OWNER'S INSURANCE", sub-

paragraph A, that Coastal Towing, as Owner, agreed "….to procure and maintain in effect….the following

insurance coverages:

> 2.     Protection and Indemnity Insurance, including…Contractual Liability coverage
> for Charterer as additional insured, with limits not less than $1,000,000;

> 3.     Excess Protection and Indemnity Insurance, or its equivalent, in the sum of not
> less than $10,000,000 per occurrence…

Further, under sub-paragraph B, "All deductibles under these insurances will be for the account Owner (Coastal Towing).  All of these coverages….shall name Charterer Group as additional assured, with a waiver of subrogation rights; it is agreed, however, that such naming and waiving shall apply only with respect to the indemnity obligations and risks assumed by Owner (Coastal Towing) in this Agreement.

"…To the extent Charterer Group is covered under these insurances, these insurances will be primary to any insurance procured by Charterer Group…"

The terms and conditions of that same MTCA under "ARTICLE 8-INDEMNITIES" provided the

following "Definitions" under sub-paragraph A:

> 1.     "Claims" means…all claims, losses, demands, damages, suits, judgments,….liabilities, and
> expenses (including, without limitation, court costs, reasonable attorney fees and other
> defense costs), and causes of action of whatsoever nature or character, and also includes,
> without any limitation, any and all claims, losses and expenses for…bodily injury…or loss of
> services, wages, consortium or society.

> 2.     "Charterer Group" means, individually or collectively, Charterer…and its …customers, and
> other contractors and subcontractors…and the vessels…insurers…of all of the foregoing.

> 3.     "Owner Group" means, individually or collectively, Owner …and its…employees…"

Under sub-paragraph B, the indemnity owed by Coastal Towing to the Charterer Group set forth

as follows:

> "Owner (Coastal Towing) releases and will defend and indemnify each member of the Charterer Group from and against all claims for personal injury…of any member of the Owner Group that arise out of or relate to the performance of subject matter of this Agreement, or to the ingress, egress, loading or unloading of… personnel, whether caused in whole or part by the negligence or fault of the Charterer Group, or by any equipment or any vessel owned or operated by Charterer Group."

### Sixth Defense

Under the aforesaid terms and conditions of the MTCA, Coastal Towing owed defense and indemnity for the personal injury claims, damages, losses liabilities and expenses, including court costs and attorney fees and other defense costs for the injuries of Patrick Knox to Dawn Services and Bisso Marine as members of the Charterer Group.

### Seventh Defense

Under the aforesaid terms and conditions of the MTCA, Coastal Towing agreed to procure and maintain in effect Protection and Indemnity Insurance including Contractual Liability coverage for Dawn Services and Bisso Marine Company in the amount of not less than $11,000,000, primary and excess. Further, Coastal Towing agreed to pay all deductibles, to name Dawn Services and Bisso Marine as additional assureds, and to waive rights of subrogation against them. This insurance protection was to be primary to any insurance procured by Dawn Services and Bisso Marine Company.

### Eighth Defense

Under the terms and conditions of the policy issued by ASIC, plead herein, it contained a SECTION II- EXCLUSIONS. Under the terms and conditions of that section of the policy issued by ASIC, it specifically recited:

"Notwithstanding anything to the contrary contained in this policy, it is hereby understood and agreed that this policy is subject to the following exclusions and that this policy shall not apply to:

19.      Any liability for any sum(s) which you are or are alleged to be liable with respect to any watercraft you…charter…and for which coverage either would or could be provided to you by the terms of:

        a.      Protection and Indemnity Form SP-23, including Contractual Liability

             Coverage Extension;

        c.      All extensions of coverage to the above referenced forms including, but not limited to, Additional Insured provisions;

whether or not such coverages are in place."

Under these terms for the policy issued by ASIC, the charter of the watercraft TRENT JOSEPH required Coastal Towing and its underwriters provide the insurance protection outlined hereinabove. Accordingly, such coverage excludes coverage under the specific terms and condition of the ASIC policy.

## Ninth Defense

Under the terms and conditions of the policy issued by ASIC, plead herein, it contained a SECTION VII-CONDITIONS PRECEDENT TO COVERAGE.  Under the terms and conditions of that section of the policy issued by ASIC, it specifically required of Dawn Services that "In consideration of the reduced premium charged, you agree that:

4.   You will:

    a.   Preserve all rights against any and all:

       (1)  Independent contractors and/or subcontractors

….all of which are referred to below as 'entities'/

    b.   Require the 'entities' to maintain, in full force and effect, liability insurance, **including coverage for all contractual liability you assume by written contract for the acts of your independent contractors and/or subcontractors,**  with limits at least equal to the limits of this policy… The 'entities' shall require their insurer(s) to name you as an additional insured and shall waive all rights of subrogation against you and your principal.   The liability insurance provided by the 'entities' shall be endorsed to designate it to be primary to all other insurance issued in your favor and in favor of your

'principal'.  For the purposes of this condition the 'principal' is defined as any party for whom you are performing work.

5. Any and all vessels you…charter…shall be separately insured during the term of this policy to limits not less than $1,000,000 or hull value (whichever is greater) for protection and indemnity…Terms of such insurance shall not be less broad than those insured by:

    a. Protection and Indemnity Form SP-23, including Contractual Liability Coverage Extension…."

Under these terms for the policy issued by ASIC, Coastal Towing was an independent contractor and/or subcontractor to Dawn Services and therefore Coastal Towing was the 'entity" required to cover all contractual liability assumed under the MSA with Bisso Marine by Dawn Services for the acts of Coastal Towing.  Further, Coastal Towing was required under these policy terms of ASIC to have required their insurers name Dawn Services as an additional insured and to waive all rights of subrogation in favor of Dawn Services and Bisso Marine as the 'principal'.  This insurance of Coastal Towing was to be endorsed to be primary to all other insurance issued in favor of Dawn Services and Bisso Marine.  As such, alternatively, under these terms and conditions the policy of ASIC could never be primary for the claims asserted herein against Bisso Marine and/or Dawn Services.

**Tenth Defense**

Under the terms and conditions of the policy issued by ASIC, plead herein, it contained a SECTION VIII-GENERAL CONDITIONS.  Under that section of the policy, it specifically recited in sub-paragraph 11 entitled OTHER INSURANCE OR PROTECTION:

"if the Insured is covered or protected under any indemnification agreement or under any insurance policy, regardless as to whether or not such indemnification agreement is enforceable or coverage under such policy is valid or collectible, for any loss or claim which would otherwise have been payable under this policy, we shall not contribute any amount toward the damages for such loss or claim."

Accordingly, the existence of the indemnification agreement by Coastal Towing in the MTCA and the requirement of insurance coverage by Coastal Towing's insurers in favor of Dawn Services and Bisso

Marine means the policy issued by ASIC will not contribute in any amount towards the damages, loss and claim of Patrick Knox.

**Eleventh Defense**

In the alternative, in the event this Court finds that the undertaking by Dawn Services to engage Coastal Towing to provide the TRENT JOSEPH and her crew, including Patrick Knox, was to be considered a watercraft brokerage arrangement, then under the terms and conditions of the policy issued by ASIC, plead herein, it contained an endorsement entitled WATERCRAFT BROKER'S LIABILITY ENDORSEMENT which agreed that:

2.  "We shall pay on your behalf all sums which you, as a watercraft broker, shall become obligated to pay for liability imposed upon you by law arising, including claims expenses, up to the applicable limits of insurance stated in the declaration out of the hiring and/or re-hiring or charter brokerage of….tugs…of Third Parties for a valuable consideration paid to you as commissions, brokerage or charter hire.

4.  This endorsement does not provide insurance coverage for:

    a.  Any liability assumed under contract.

5.  As a condition precedent to coverage you agree that:

    a.  All watercraft shall be under charter agreement to you.

    b.  All watercraft shall have…….a minimum of $1,000,000 protection and indemnity liability….This insurance shall be carried at the owner's expense and shall name you as an additional insured and waive all rights of subrogation against you."

Should this Court in the alternative find that the undertaking by Dawn Services to engage Coastal Towing to provide the TRENT JOSEPH and her crew, including Patrick Knox, was to be considered a watercraft brokerage arrangement, then this policy insurance coverage of ASIC is afforded to Dawn Services as watercraft broker but it does not provide insurance coverage for any liability assumed under contract as claimed in this Second Amended and Supplemental Complaint of Bisso Marine.

Wherefore, Atlantic Specialty Insurance Company prays, after due proceedings had, that this Answer be deemed good and sufficient, that this Court enter judgment in its favor and against Bisso Marine, LLC as follows:

1) That the Master Time Charter Agreement between Dawn Services and Coastal Towing be deemed to be the controlling contract for the relationships between Dawn Services, Bisso Marine and Coastal Services;

2) That pursuant to that Master Time Charter Agreement, Coastal Towing and its underwriters were obligated to name Dawn Services and Bisso Marine and their insurers as additional assureds and to waive subrogation against them for the claims of Patrick Knox and for the claims of Bisso Marine against Dawn Services and its underwriters;

3) That pursuant to that Master Time Charter Agreement, Coastal Towing and its underwriters were obligated to provide primary insurance coverage for Dawn Services and Bisso Marine and their insurers for the claims of Patrick Knox and for the claims of Bisso Marine against Dawn Services and its underwriters;

4) That pursuant to that Master Time Charter Agreement, Coastal Towing and its underwriters were obligated to defend and indemnify Dawn Services and Bisso Marine and their insurers for the claims of Patrick Knox and claims derivative of same including court costs and defense costs and attorney fees;

5) That under the terms of the Master Time Charter Agreement between Dawn Services and Coastal Towing read in conjunction with the Marine Comprehensive Liability Policy No. B5JH9027513 issued by Atlantic Specialty Insurance Company, the charter of the watercraft TRENT JOSEPH required Coastal Towing and its underwriters to name Dawn Services and Bisso Marine and their insurers as additional insureds, to waive subrogation, and act as primary

insurance coverage for Dawn Services and Bisso Marine and their insurers which excluded coverage by the provide the insurance protection outlined hereinabove.

6) That the insurers of Coastal Towing be found to be primary as to all other insurance issued in favor of Dawn Services and Bisso Marine and their insurers and therefore the policy issued by Atlantic Specialty Insurance Company is not primary as to coverage in this litigation for the claims of Patrick Knox or to pay for the defense and indemnity of Dawn Services and Bisso Marine hereunder;

7) That the existence of the indemnification agreement by Coastal Towing in the Master Time Charter Agreement with Dawn Services with its requirements of insurance coverage by Coastal Towing's insurers in favor of Dawn Services and Bisso Marine and their insurers means that under the terms and conditions of the Marine Comprehensive Liability Policy No. B5JH9027513 issued by Atlantic Specialty Insurance Company, it will not contribute in any amount towards the damages, loss and claim of Patrick Knox including, but not limited to, the claims of defense and indemnity by Bisso Marine;

8) That, in the alternative, should this Court find that the undertaking by Dawn Services to engage Coastal Towing to provide the TRENT JOSEPH and her crew, including Patrick Knox, was to be considered a watercraft brokerage arrangement, then the Marine Comprehensive Liability Policy No. B5JH9027513 issued by Atlantic Specialty Insurance Company does not provide insurance coverage for any liability assumed under contract as claimed against Atlantic Specialty Insurance Company by Bisso Marine; and

9) For all such other general and equitable relief to which Atlantic Specialty Insurance Company is justly entitled.

<div style="margin-left:40%;">

Respectfully submitted,

*s/William B. Schwartz*
WILLIAM B. SCHWARTZ, T.A. (#11854)
DAVID L. CARRIGEE  (#3892)
S. BEAUX JONES (#33915)
BALDWIN HASPEL BURKE & MAYER, LLC
Energy Centre –  Suite 3600
1100 Poydras Street
New Orleans, LA  70163
Telephone:  (504) 569-2900
Facsimile:  (504) 569-2099
Email:  wschwartz@bhbmlaw.com
Email: dcarrigee@bhbmlaw.com
E-mail: bjones@bhbmlaw.com

Attorneys for Atlantic Specialty Insurance Company

</div>